IN THE MATTER OF THE NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, DIVISION OF COASTAL RESOURCES REGULATION, N.J.A.C. 7:7–2.1(B)1.III., AND APPLICATION OF SAID REGULATION TO A CERTAIN PROJECT PROPOSED BY RALPH CLAYTON, JR.

Superior Court of New Jersey
Appellate Division

Argued December 10, 1986—Decided January 12, 1987.

Before Judges FURMAN, SHEBELL and STERN.

*Lewis Goldshore* argued the cause for appellant, Ralph Clayton, Jr. (*Goldshore & Wolf,* attorneys; *Robert J. Cash* and *Marsha Wolf,* on the brief).

*Dorothy M. Highland,* Deputy Attorney General, argued the cause for respondent, State of New Jersey (*W. Cary Edwards,* Attorney General, attorney; *Michael R. Clancy,* Deputy Attorney General, of counsel).

The opinion of the court was delivered by

FURMAN, P.J.A.D.

Ralph Clayton, Jr. appeals from a decision by the Division of Coastal Resources in the Department of Environmental Protection (DEP) asserting its jurisdiction under the Coastal Area Facility Review Act (CAFRA), *N.J.S.A.* 13:19–1 *et seq.,* to review Clayton's proposed commercial shopping center development. No CAFRA hearing has been held.

The appeal was filed as of right under *R.* 2:2–3(a)(2), purportedly to review a final decision of a State administrative agency. Instead, leave to appeal should have been sought. The assertion of DEP jurisdiction was interlocutory, not final. Under the circumstances, including the submission of briefs and argument before us on the jurisdictional issue, we grant leave to appeal *nunc pro tunc.*

Clayton's premises are in a coastal area subject to the requirement of a CAFRA permit prior to construction of a facility. The specific issue before us is whether Clayton's proposed paved parking lot of more than three acres and with approximately 740 parking spaces is a facility as defined in CAFRA, *N.J.S.A.* 13:19–3(c)(5). Concededly, a DEP regulation, *N.J.A.C.* 7:7–2.1(b)(1)(iii), is applicable to impervious paving of an area of more than two acres for motor vehicle parking and related access thereto, such as Clayton proposes. Nevertheless, he contends that *N.J.A.C.* 7:7–2.1(b)(1)(iii) is *ultra vires* and unenforceable because it is without warrant in the CAFRA definition of facility.

As noted in *Matter of Egg Harbor Associates (Bayshore Centre),* 94 *N.J.* 358, 364 (1983):

The primary purpose of CAFRA is to protect the unique and fragile coastal zones of the State. Through CAFRA, the Legislature intended to reverse "serious adverse environmental effects ... that would preclude or tend to preclude those multiple uses which support diversity and are in the best longterm, social, economic, aesthetic and recreational interests of all people of the State." *N.J.S.A.* 13:19-2. To achieve this goal, the Legislature determined that

all of the coastal area should be dedicated to those kinds of land uses which promote the public health, safety and welfare, protect public and private property, and are reasonably consistent and compatible with the natural laws governing the physical, chemical and biological environment of the coastal area.

*See also State, Dept. of Envir. Protection v. Stavola,* 103 *N.J.* 425, 431–432 (1986). CAFRA should be construed liberally to effectuate its purpose and intent, *N.J.S.A.* 13:19-20.

*N.J.S.A.* 13:19-3(c)(5) includes within the CAFRA definition of facility:

"Public facilities and housing—

.       .       .       .       .       .       .

Road, airport, or highway construction."

■ In challenging *N.J.A.C.* 7:7-2.1(b)(1)(iii), Clayton's argument is two-pronged: "Public facilities" should be limited to governmental facilities; "road" or "highway" should not be extended to paved parking lot. We reject that argument.

We construe the adjective "public" modifying "facilities" to mean open to the public or available for public use, as Clayton's proposed shopping center parking lot would be.

In the Law Against Discrimination *N.J.S.A.* 10:5-5, "public facility" is similarly defined as "any place of public accommodation as any street, highway, sidewalk, walkway, public building, and other place or structure to which the general public is regularly, normally or customarily permitted or invited." No distinction is drawn between private and governmental ownership. *See Clover Hill Swimming Club v. Goldsboro,* 47 *N.J.* 25, 33 (1966).

Clayton's argument, if logically extended, would exclude privately owned roads or driveways of 1,200 feet more in length or

privately owned airports from CAFRA jurisdiction. Yet the threat of adverse effects to the sensitive ecology and environment of the coastal area is identical whether a road or airport is privately or governmentally owned. Nothing in CAFRA's legislative history would support such an arbitrary dichotomy or the loss of the safeguards of the CAFRA review process when equivalent facilities are privately, not governmentally, owned.

■ We likewise sustain DEP's interpretation of "road" or "highway" to encompass parking lots of two acres or more. The environmental threats from impervious paved areas, whether privately or governmentally owned, are the same: interference with natural drainage and excessive surface water run-off after storms.

Clayton argues that the category "road, airport or highway construction" within the statutory definition of "public facilities" does not have appended to it the phrase "or equivalent," unlike the category "new housing developments of 25 or more dwelling units or equivalent." See construction of that phrase in *Stavola, supra* 103 *N.J.* at 433–434:

> Accordingly, we hold that DEP, to work effectively toward fulfilling the legislative purposes of CAFRA, has the necessary implicit statutory authority to promulgate rules and regulations that interpret a seaside beach club cabana as "equivalent" to "a housing development of 25 or more dwelling units."

We do not attach decisive significance to the omission of the phrase "or equivalent," following "road, airport or highway construction" within the statutory definition of "public facilities." Implicitly, in accordance with the rule of liberal construction in *N.J.S.A.* 13:19–20, impervious paved areas for motor vehicle travel and parking are "road or highway construction" subject to CAFRA review for the purpose of preserving the coastal area from development hostile to its sensitive and fragile ecology and environment. We uphold the inclusion in *N.J.A.C.* 7:7–2.1(B)(1)(iii) of paved parking lots of two acres or more within "road ... or highway construction," as a valid

exercise of DEP's regulatory authority reasonably interpreting CAFRA.

We affirm